AO 72A
(Rev. 8/82)

FILED
U.S. DISTRICT COURT

2011 OCT 18 AM 11: 29

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES W. OUTLAW, III,

    Plaintiff,

v.                       CIVIL ACTION NO.: CV610-102

Sgt. MOYE; CERT Member MOBLEY;
CERT Member McGINEIS; BRIAN
OWENS, Commissioner; and DAN
DASHER, Warden of Security.

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Charles Outlaw ("Plaintiff"), an inmate currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting events occurring at Georgia State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. A district court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he was physically assaulted by Defendant Moye ("Moye"). Plaintiff claims that during the first incident Moye punched him in the left side of his face using his (Moye's) right fist, slapped him on both sides of his face, kneed him in the right side of his face using his (Moye's) left leg, and kicked him in his midsection. Plaintiff claims that during the second incident Moye caused him discomfort when he (Moye) twisted Plaintiff's arm and applied pressure as he (Moye) removed Plaintiff's handcuffs. Then, according to Plaintiff, Moye, Defendant Mobley ("Mobley"), and Defendant McGineis ("McGineis") assaulted him with sticks, radios, closed fists, open hands, and feet causing injury to Plaintiff's head, face, side, back, and chest. Finally, Plaintiff claims he was not given a complete medical assessment following the two incidents

AO 72A
(Rev. 8/82)

because Mobley was striking him in the head with his open right hand. Plaintiff names as Defendants in this case: Moye, Mobley, McGineis, and Warden Dasher ("Dasher").

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations that Dasher was involved in any way with his § 1983 claim. Therefore, Plaintiff has not shown that he is entitled to relief against Dasher. Additionally, Plaintiff seeks to be "awarded compensation for ADA violations." (Doc. No. 10, p. 7). However, Plaintiff has not alleged any facts pertaining to any violations of the Americans With Disabilities Act ("ADA"). Therefore, he has not shown that he is entitled to relief for ADA violations.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claim against Defendant Dan Dasher be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claim for compensation for ADA violations be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE